UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SABAL TRAIL TRANSMISSION, LLC,

      Plaintiff,

vs.                                                      Case No.:    3:16-cv-302-J-34PDB

+/– 3.504 ACRES OF LAND IN SUWANNEE
COUNTY, FLORIDA, ELIZABETH BOLTON,
et al.,

      Defendants.
_____/

## **ORDER**

This eminent domain case is before the Court on Plaintiff Sabal Trail Transmission, LLC's Motion for Partial Summary Judgment and Memorandum of Law in Support. (Doc. 72; "Motion"). The landowner, Elizabeth Bolton, has responded. (Doc. 83; "Response"). Sabal Trail seeks a ruling on two questions of law: (1) the date of valuation of the property being condemned, and (2) whether the landowner's right to full compensation includes lost timber and pine straw revenue. The Motion is ripe for a decision with respect to the first question, but the Court will defer ruling on the second question for the reasons below.

**I.**     **Background**

In June 2016, the Court ruled that Sabal Trail possessed the right to take a permanent easement and a temporary workspace easement on Ms. Bolton's property for the purpose of installing a natural gas pipeline. Order for Immediate Possession (Doc. 28). Sabal Trail obtained this authority pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq., and a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission (see Doc. 1-5; "FERC Certificate"). About a year later, the Court

1

determined that state substantive law supplies the rule for measuring just compensation in these proceedings. See Order on Measure of Compensation (Doc. 60); see also Sabal Trail Transmission, LLC v. Real Estate, Case No. 1:16-cv-063-MW-GRJ, 2017 WL 2783995 (N.D. Fla. Jun. 27, 2017). Here, that means Ms. Bolton is entitled to what the Florida Constitution refers to as "full compensation." Fla. Const. art. X, § 6(a).

In the Motion, Sabal Trail requests that the Court enter an order establishing that June 8, 2016, the date on which Sabal Trail obtained possession of the property, is the operative date for purposes of determining valuation. Motion at 4, 9. Additionally, Sabal Trail seeks a ruling that as a matter of law, Ms. Bolton cannot recover $2,048.55 in timber and pine straw revenue lost from the permanent easement or $1,716.44 in timber and pine straw revenue lost from the temporary easement. Id. at 6.

Ms. Bolton "does not disagree that the date of valuation should be June 8, 2016." Response at 6. However, she asserts that the date of valuation is June 8, 2016, because Florida law, rather than federal common law, provides the rule for measuring compensation. See id. As for Sabal Trail's argument that Ms. Bolton may not recover lost future timber and pine straw revenue, Ms. Bolton did not address this issue in her Response.[1]

## II.  Standard

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The record to be considered on a

---

[1] The Court recognizes that Ms. Bolton did briefly address this issue in her amended response to Sabal Trail's motion to exclude the opinion of Matthew Ray. Amended Response to Daubert Motion (Doc. 91) at 24-25.

2

motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).[2] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th

---

[2] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and applies here.

Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

### III. Discussion

The Motion and Response raise no factual disputes, instead presenting two questions of law: (1) what date should be used to determine the value of the property, and (2) can Ms. Bolton recover lost timber and pine straw revenue? Where, as here, "no facts are in dispute and only questions of law are involved, the case is 'ripe for a summary judgment.'" Palmer v. Chamberlin, 191 F.2d 532, 540 (5th Cir. 1951) (quoting Bartle v. Travelers Ins. Co., 171 F.2d 469, 471 (5th Cir. 1948)).

#### A. Date of Valuation

Both parties agree that the date to be used for valuation purposes is June 8, 2016. Motion at 4; Response at 2. The only disagreement is whether that conclusion derives from federal common law or Florida substantive law. However, this Court has already determined that in accordance with Georgia Power Co. v. Sanders, 617 F.2d 1112 (5th Cir. 1980) (en banc), the Natural Gas Act incorporates state substantive law as the federal rule for measuring compensation. See generally Order on Measure of Compensation.

4

Therefore, consistent with the prior Order and Florida law, the Motion will be granted to the extent that June 8, 2016, will serve as the date of valuation in this case.[3]

### B. Lost Timber and Pine Straw Revenue

Next the Court turns to the question of whether Ms. Bolton can recover for the future loss of timber and pine straw revenue. According to Ms. Bolton, she used the land encumbered by the temporary and permanent easements for harvesting timber and pine straw. During the appraisal process, Ms. Bolton hired John A. Wallace, a certified forester, to provide an opinion about the amount of damages caused by Sabal Trail removing merchantable and pre-merchantable timber from the permanent and temporary easement areas. (See Doc. 75-4; Wallace Opinion). Altogether, Wallace opined that Ms. Bolton sustained $6,355.85 in damages from the loss of merchantable timber, pre-merchantable timber, and future pine straw production (on top of the depreciation in the market value of the land). Id. at 4. Wallace broke down the losses as follows: $2,590.86 for the loss of merchantable timber in both the permanent and temporary easement areas, id. at 3; $2,048.55 for the loss of future timber and pine straw revenue within the permanent easement based on "successive rotations of timber in perpetuity," id.; and $1,716.44 for the net present worth of pre-merchantable timber and lost pine straw revenue within the temporary workspace easement, based in part on projected pine straw raking revenues over the next 10 years, see id. at 4.[4] In the Motion, Sabal Trail does not challenge Ms.

---

[3] Sabal Trail observes that the date of possession (which here is June 8, 2016) would appear to serve as the date of valuation under either federal common law, see Motion at 4-5 (citations omitted), or Florida law, id. at 5-6 (citing Dep't of Transp. v. Bd. of Supervisors of St. John's Water Control Dist., 981 So. 2d 605, 606 (Fla. 4th DCA 2008)).

[4] According to Wallace, Ms. Bolton planted her trees in 2001, id. at 4, so the trees were about 15 years old when they were removed on or around June 8, 2016. Wallace stated the area would have been raked for pine straw until the trees were 25 years old, id., meaning the area would have been raked for 10 more years. "According to E.J. Johnson with Custom Pine Straw, which has the

5

Bolton's ability to recover damages for the loss of merchantable timber. See Motion at 9. Rather, Sabal Trail only challenges whether Ms. Bolton can recover lost revenue from future timber and pine straw production, which totals $3,764.99 between the permanent and temporary easement areas. See id. at 6. Sabal Trail argues that such damages are not part of just compensation under either federal common law or Florida law. Id. at 6-9. In particular, Sabal Trail contends that "Florida courts equate claims for lost production with claims for consequential business damages," which are not included within the meaning of "full compensation." Id. at 6-7.

As noted previously, Ms. Bolton failed to address this issue in her Response. Sabal Trail's Motion is therefore unopposed on this question. Nevertheless, that does not mean Sabal Trail wins by default. See United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) ("the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but must consider the merits of the motion."). The Court has an obligation to consider the merits of Sabal Trail's position. However, the Court is not inclined to issue an order deciding an important question of law in the absence of any adversarial briefing. Notably, the application of Florida law to the unique circumstances of this case is far from settled. The Court recognizes that, given the relatively small amount in controversy based on this issue and the fact that the parties are scheduled to attend a settlement conference on October 2, 2018, requiring substantive briefing at this time would not be the best use of the parties' resources. Thus, the Court will not do so now. Instead, the Court will defer

---

raking contract, these areas are producing annual raking revenue to the owners of $125.00/ acre" and he "would expect the revenue to remain at that level until" the trees are thinned at 25 years old. Id.

6

ruling on the question of whether Ms. Bolton is entitled to compensation for future loss of timber and pine straw revenue until after the parties have completed the settlement conference. In the event the parties fail to reach a settlement, Ms. Bolton will have up to and including October 19, 2018, to file a response addressing this remaining legal issue raised in the Motion.[5]

In accordance with the foregoing, it is hereby **ORDERED:**

1. Plaintiff Sabal Trail's Motion for Partial Summary Judgment (Doc. 72) is **GRANTED IN PART** and **DEFERRED IN PART**.

2. The Motion is **GRANTED** to the extent that June 8, 2016, will serve as the date of valuation in this case.

3. Ruling on the remaining issue raised in the Motion is **DEFERRED** until the parties have completed the scheduled settlement conference.

4. In the event the parties fail to reach a settlement at the settlement conference, Ms. Bolton shall have up to and including **October 19, 2018**, to file a response addressing the remaining legal issue raised in the Motion.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of September, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record

---

[5] Of course, if Ms. Bolton wishes to abandon the claim to such profits rather than prepare a substantive response, she may do so by notifying the Court by that same date.